FILED by ___ D.C.
ELECTRONIC
FEB 22, 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>99-804-CR-ALTONAGA (s)(s)(s)(s)(s)</u>
21 U.S.C. §963
21 U.S.C. §846
18 U.S.C. §1956
18 U.S.C. §371
18 U.S.C. §1503
18 U.S.C. §1513
21 U.S.C. §853
18 U.S.C. §982

UNITED STATES OF AMERICA

vs.

DIEGO MONTOYA SANCHEZ,
a/k/a "Don Diego,"
EUGENIO MONTOYA SANCHEZ,
a/k/a "Hector Fabio Carvajal,"
and
OMAR GARCIA VARELA,
a/k/a "Capachivo,"
    Defendants.
_____/

## FIFTH SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning in or about 1985, the exact date being unknown to the Grand Jury, and continuing thereafter until the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

DIEGO MONTOYA SANCHEZ,
a/k/a "Don Diego,"
EUGENIO MONTOYA SANCHEZ,
a/k/a "Hector Fabio Carvajal,"
and
OMAR GARCIA VARELA,
a/k/a "Capachivo,"

did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to import into the United States from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 2

Beginning in or about 1985, the exact date being unknown to the Grand Jury, and continuing thereafter until the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DIEGO MONTOYA SANCHEZ,**
a/k/a "Don Diego,"
**EUGENIO MONTOYA SANCHEZ,**
a/k/a "Hector Fabio Carvajal,"
and
**OMAR GARCIA VARELA,**
a/k/a "Capachivo,"

did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

2

## COUNT 3

Beginning in or about 1985, the exact date being unknown to the Grand Jury, and continuing thereafter until the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DIEGO MONTOYA SANCHEZ,**
a/k/a "Don Diego,"
**EUGENIO MONTOYA SANCHEZ,**
a/k/a "Hector Fabio Carvajal,"
and
**OMAR GARCIA VARELA,**
a/k/a "Capachivo,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to knowingly conduct financial transactions, affecting interstate and foreign commerce, which transactions involved the proceeds of some specified unlawful activity; knowing that the transactions were designed in whole and in part to disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity; and that while conducting financial transactions, knew that the property involved in the financial transactions, that is, monetary instruments and real property, represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

It is further alleged that the financial transactions that were the object of this conspiracy would involve the proceeds of specified unlawful activity, that is the importation, sale and otherwise dealing in a controlled substance punishable under the laws of the United States.

3

## COUNTS 4-8

On or about the dates listed below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DIEGO MONTOYA SANCHEZ,**
a/k/a "Don Diego," and
**EUGENIO MONTOYA SANCHEZ,**
a/k/a "Hector Fabio Carvajal,"

did knowingly aid and abet the conducting of financial transactions as enumerated as to each count below, affecting interstate and foreign commerce, that involved the proceeds of specified unlawful activity, knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and while conducting the financial transactions, knew that the property involved in each financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction |
|---|---|---|
| 4 | 7/27/99 | Purchase of condominium located at 7000 Island Boulevard, Unit 2901, Aventura, Florida for $674,000 |
| 5 | 9/9/99 | Purchase of 1999 Lincoln Navigator, serial number 5LMRU27A5XLJ41802 |
| 6 | 1/19/00 | Purchase of condominium unit located at 16445 Collins Avenue, Unit WS-5B, Miami, Florida for $650,000 |
| 7 | 10/4/01 | Purchase of 2001 BMW M3, serial number WBSBL934X1JR11590 |

4

| Count | Date | Financial Transaction |
|---|---|---|
| 8 | 10/22/01 | Purchase of 2001 80' Ferretti yacht, serial number XFA80F471001 |

It is further alleged that the financial transactions that were the object of this conspiracy would involve the proceeds of specified unlawful activity, that is the importation, sale and otherwise dealing in a controlled substance punishable under the laws of the United States; all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 9

Beginning in or about August 2003, and continuing through in or about September 2003, the exact dates being unknown to the Grand Jury, the defendants,

**DIEGO MONTOYA SANCHEZ,**
a/k/a "Don Diego,"
**EUGENIO MONTOYA SANCHEZ,**
a/k/a "Hector Fabio Carvajal,"
and
**OMAR GARCIA VARELA,**
a/k/a "Capachivo,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and willfully endeavor to influence, obstruct or impede the due administration of justice, by threats and force, in violation of Title 18, United States Code, Section 1503.

**OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY**

On or about the dates set forth below, the defendants herein and their co-conspirators, in order to achieve the goals of the conspiracy, committed one or more of the following overt acts:

5

1. In or about August 2003, defendant **DIEGO MONTOYA SANCHEZ, a/k/a "Don Diego,"** directed a member of the conspiracy to torture and kill Jhon Jairo Garcia Giraldo, a/k/a "Dos Mil."

2. In or about August 2003, defendant **DIEGO MONTOYA SANCHEZ, a/k/a "Don Diego,"** instructed a member of the conspiracy to extract information from Jhon Jairo Garcia Giraldo, a/k/a "Dos Mil," through torture.

3. In or about August 2003, defendant **OMAR GARCIA VARELA, a/k/a "Capachivo,"** provided a member of the conspiracy with instructions and suggestions for torturing Jhon Jairo Garcia Giraldo, a/k/a "Dos Mil."

4. In or about August 2003, members of the conspiracy tortured and killed Jhon Jairo Garcia Giraldo, a/k/a "Dos Mil."

5. In or about August 2003, defendant **EUGENIO MONTOYA SANCHEZ, a/k/a "Hector Fabio Carvajal,"** proposed killing the person in Miami who defendant **EUGENIO MONTOYA SANCHEZ, a/k/a "Hector Fabio Carvajal,"** said was to blame with Jhon Jairo Garcia Giraldo, a/k/a "Dos Mil," for the seizures by United States law enforcement of property from Montoya family members in Miami, Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNT 10

Sometime in or about August 2003, the exact date being unknown to the Grand Jury, the defendants,

**DIEGO MONTOYA SANCHEZ,**
a/k/a "Don Diego,"
**EUGENIO MONTOYA SANCHEZ,**

6

a/k/a "Hector Fabio Carvajal,"
and
OMAR GARCIA VARELA,
a/k/a "Capachivo,"

did knowingly and willfully endeavor to influence, obstruct or impede the due administration of justice in the case of *United States v. Diego Montoya, et al.*, Case No. 99-804-Cr-Altonaga, then pending in the ~~Southern~~ [United States District Court for the (Km)] District of Florida, by threats and force, in that the defendants did knowingly and willfully, and with malice aforethought, aid, abet, counsel, command, induce, and procure the torture and killing of Jhon Jairo Garcia Giraldo, a/k/a "Dos Mil," in violation of Title 18, United States Code, Sections 1503(a), 1503(b)(1), 1111, and 2.

## COUNT 11

Beginning in or about August 2003, and continuing through in or about September 2003, the exact dates being unknown to the Grand Jury, the defendants,

DIEGO MONTOYA SANCHEZ,
a/k/a "Don Diego,"
EUGENIO MONTOYA SANCHEZ,
a/k/a "Hector Fabio Carvajal,"
and
OMAR GARCIA VARELA,
a/k/a "Capachivo,"

did knowingly and willfully, and with malice aforethought, combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to kill one or more persons, with the intent to retaliate against one or more persons for providing to a law enforcement officer information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A) and 1111.

7

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

On or about the dates set forth below, the defendants herein and their co-conspirators, in order to achieve the goals of the conspiracy, committed one or more of the following overt acts: Those overt acts alleged in Count 9 of this Indictment, numbered 1 through 5, all of which are realleged and incorporated by reference herein as overt acts of this conspiracy.

All in violation of Title 18, United States Code, Section 1513(e).

## COUNT 12

Sometime in or about August 2003, the exact date being unknown to the Grand Jury, the defendants,

**DIEGO MONTOYA SANCHEZ,**
a/k/a "Don Diego,"
**EUGENIO MONTOYA SANCHEZ,**
a/k/a "Hector Fabio Carvajal,"
and
**OMAR GARCIA VARELA,**
a/k/a "Capachivo,"

did knowingly and willfully, and with malice aforethought, aid, abet, counsel, command, induce, and procure the killing of Jhon Jairo Garcia Giraldo, a/k/a "Dos Mil," with the intent to retaliate against him for providing to a law enforcement officer information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A), 1111 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Fifth Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeitures to the United States of America of certain property in which one or more of the defendants has an

8

interest, pursuant to the provisions of Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of either of the violations alleged in Counts 1 and 2 of this Fifth Superseding Indictment, the defendants shall forfeit to the United States any property constituting or derived from any proceeds which the defendants obtained, directly or indirectly, as the result of such violations, and any property which the defendants used or intended to be used in any manner or part to commit or facilitate the commission of such violations. Such forfeitures shall include, but are not limited to, approximately one (1) billion dollars ($1,000,000,000) in United States currency, in that such sum in aggregate was received in exchange for and used to facilitate the distribution of controlled substances or is traceable thereto.

3. Upon conviction of any of the violations alleged in Counts 3-8 of this Fifth Superseding Indictment, the defendants shall forfeit to the United States all property real and personal, involved in the aforestated offenses and all property traceable to such property all in accordance with Title 21, United States Code, Section 982(a)(1). Such forfeitures shall include, but are not limited to, approximately one (1) billion dollars ($1,000,000,000) in United States currency, in that such sum in aggregate was received in exchange for and used to facilitate the distribution of controlled substances or is traceable thereto.

4. If any of the above-described forfeitable property described above, as a result of any act or omission of any defendant:

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred or sold to, or deposited with, a third party;

    (C) has been placed beyond the jurisdiction of the Court;

9

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p), and 982(b)(1) to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982.

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

DIEGO MONTOYA SANCHEZ,
    a/k/a "Don Diego," et al.

                             **Defendants.**

CASE NO.    99-804-CR-ALTONAGA(s)(s)(s)(s)(s)

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**
New Defendant(s)    Yes  X  No ___
Number of New Defendants    1
Total number of counts    12

**Court Division:** (Select One)

 X  Miami   ___ Key West
___ FTL   ___ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take  40  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   | | | | |
   |---|---|---|---|
   | I | 0 to 5 days | ___ | Petty ___ |
   | II | 6 to 10 days | ___ | Minor ___ |
   | III | 11 to 20 days | ___ | Misdem. ___ |
   | IV | 21 to 60 days | X | Felony X |
   | V | 61 days and over | ___ | |

6. Has this case been previously filed in this District Court? (Yes or No)   Yes
   If yes:
   Judge: Altonaga    Case No.   99-804-CR-ALTONAGA(s)(s)(s)(s)
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)   No
   If yes:
   Magistrate Case No.   03-3430-WHITE (11/26/03)
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  X  Yes   ___ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  X  Yes   ___ No
   If yes, was it pending in the Central Region?   ___ Yes    X  No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes    X No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?    X  Yes   ___ No

                                                        _____
                                                        MICHAEL S. DAVIS
                                                       ASSISTANT UNITED STATES ATTORNEY
                                                       Florida Bar No. 972274

Penalty Sheet(s) attached                                                REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **DIEGO MONTOYA SANCHEZ, a/k/a "Don Diego"**

Case No: **99-804-Cr-ALTONAGA(s)(s)(s)(s)(s)**

Count #: 1

Conspiracy To Import Cocaine.

Title 21, United States Code, Section 963

* **Max.Penalty:**       Life Imprisonment

Count #: 2

Conspiracy To Possess With Intent To Distribute Cocaine.

Title 21, United States Code, Section 846

***Max. Penalty:**       Life Imprisonment

Count #: 3

Conspiracy To Commit Money Laundering.

Title 18, United States Code. 1956(h)

***Max. Penalty:**       20 Years' Imprisonment

Count #: 4

Money Laundering.

Title 18, United States Code, Section 1956(a)

***Max. Penalty:**       20 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DIEGO MONTOYA SANCHEZ, a/k/a "Don Diego"

**Case No:** 99-804-Cr-ALTONAGA(s)(s)(s)(s)(s)

Count #: 5

  Money Laundering.

  Title 18, United States Code, Section 1956(a)

* **Max.Penalty:**          20 Years' Imprisonment

Count #: 6

  Money Laudering.

  Title 18, United States Code, Section 1956(a)


***Max. Penalty:**          20 Years' Imprisonment

Count #:7

  Money Laundering.

  Title 18, United States Code. 1956(a)

***Max. Penalty:**          20 Years' Imprisonment

Count #: 8

  Money Laundering.

  Title 18, United States Code, Section 1956(a)

***Max. Penalty:**          20 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** DIEGO MONTOYA SANCHEZ, a/k/a "Don Diego"

**Case No:** 99-804-Cr-ALTONAGA(s)(s)(s)(s)(s)

Count #: 9

Conspiracy To Obstruct Justice

Title 18, United States Code, Section 371

**\* Max. Penalty:** 5 Years Imprisonment

Count #: 10

Obstruction of Justice.

Title 18, United States Code, Sections 1503 and 1111

**\*Max. Penalty:** Life Imprisonment

Count #: 11

Conspiracy to Retaliate Against a Witness By Murder.

Title 18, United States Code, Sections 1513(a)(1)(B) and 1111

**\*Max. Penalty:** Life Imprisonment

Count #: 12

Witness Retaliation By Murder.

Title 18, United States Code, Sections 1513(a)(1)(B) and 1111

**\*Max. Penalty:** Life Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** EUGENIO MONTOYA SANCHEZ, a/k/a "Hector Fabio Carvajal"

**Case No:** 99-804-Cr-ALTONAGA(s)(s)(s)(s)(s)

Count #: 1

Conspiracy To Import Cocaine.

Title 21, United States Code, Section 963

*Max.Penalty: Life Imprisonment

Count #: 2

Conspiracy To Possess With Intent To Distribute Cocaine.

Title 21, United States Code, Section 846

*Max. Penalty: Life Imprisonment

Count #: 3

Conspiracy To Commit Money Laundering.

Title 18, United States Code. 1956(h)

*Max. Penalty: 20 Years' Imprisonment

Count #: 4

Money Laundering.

Title 18, United States Code, Section 1956(a)

*Max. Penalty: 20 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __EUGENIO MONTOYA SANCHEZ, a/k/a "Hector Fabio Carvajal"__

Case No: __99-804-Cr-ALTONAGA(s)(s)(s)(s)(s)__

Count #: 5

__Money Laundering.__

__Title 18, United States Code, Section 1956(a)__

* Max.Penalty: 20 Years' Imprisonment

Count #: 6

__Money Laudering.__

__Title 18, United States Code, Section 1956(a)__

*Max. Penalty: 20 Years' Imprisonment

Count #: 7

__Money Laundering.__

__Title 18, United States Code. 1956(a)__

*Max. Penalty: 20 Years' Imprisonment

Count #: 8

__Money Laundering.__

__Title 18, United States Code, Section 1956(a)__

*Max. Penalty: 20 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **EUGENIO MONTOYA SANCHEZ, a/k/a "Hector Fabio Carvajal"**

Case No: **99-804-Cr-ALTONAGA(s)(s)(s)(s)(s)**

Count #: 9

  Conspiracy To Obstruct Justice

  Title 18, United States Code, Section 371

* Max.Penalty:     5 Years Imprisonment

Count #:10

  Obstruction of Justice.

  Title 18, United States Code, Sections 1503 and 1111

*Max. Penalty:     Life Imprisonment

Count #: 11

  Conspiracy to Retaliate Against a Witness By Murder.

  Title 18, United States Code, Sections 1513(a)(1)(B) and 1111

*Max. Penalty:     Life Imprisonment

Count #: 12

  Witness Retaliation By Murder.

  Title 18, United States Code, Sections 1513(a)(1)(B) and 1111

*Max. Penalty:     Life Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **OMAR GARCIA VARELA, a/k/a "Capachivo"**

Case No: **99-804-Cr-ALTONAGA(s)(s)(s)(s)(s)**

Count #: 1

  Conspiracy To Import Cocaine.

  Title 21, United States Code, Section 963

* Max. Penalty:        Life Imprisonment

Count #: 2

  Conspiracy To Possess With Intent To Distribute Cocaine.

  Title 21, United States Code, Section 846

*Max. Penalty:        Life Imprisonment

Count #: 3

  Conspiracy Commit Money Laundering.

  Title 18, United States Code, 1956(h)

*Max. Penalty:        20 Years' Imprisonment

Count #: 9

  Conspiracy to Obstruct Justice.

  Title 18, United States Code, Section 371

*Max. Penalty:        5 Years' Imprisonment


*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>**OMAR GARCIA VARELA, a/k/a "Capachivo"**</u>

Case No: <u>**99-804-Cr-ALTONAGA(s)(s)(s)(s)(s)**</u>

Count #:10

<u>Obstruction of Justice.</u>

<u>Title 18, United States Code, Sections 1503 and 1111</u>

<u>**\*Max. Penalty:**</u>         <u>Life Imprisonment</u>

Count #: 11

<u>Conspiracy to Retaliate Against a Witness By Murder.</u>

<u>Title 18, United States Code, Sections 1513(a)(1)(B) and 1111</u>

<u>**\*Max. Penalty:**</u>         <u>Life Imprisonment</u>

Count #: 12

<u>Witness Retaliation By Murder.</u>

<u>Title 18, United States Code, Sections 1513(a)(1)(B) and 1111</u>

<u>**\*Max. Penalty:**</u>         <u>Life Imprisonment</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**