**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 99-00804-CR-ALTONAGA**

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**EUGENIO MONTOYA SANCHEZ**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant, Eugenio Montoya Sanchez's Opposed Motion for Compassionate Release, Exhaustion of Administrative Relief, and Request for Hearing [ECF No. 817], filed on January 6, 2021 with a supporting exhibit (*see* [ECF No. 817-1]). Separately, Defendant filed several supporting exhibits under seal. (*See* [ECF Nos. 819, 821]). The relief Defendant requests is evident from the title of his Motion. On February 3, 2021, the Government filed its Response in Opposition to Defendant's Motion for Compassionate Release [ECF No. 826][1] with supporting exhibits (*see* [ECF No. 826-1]).[2] Defendant filed a Reply [ECF No. 827] on February 8, 2021. The Court has carefully reviewed the parties' written submissions, the record, and applicable law.

The 50-year-old Defendant (*see* Resp. 2 (citing Pre-Sentence Investigation Report ("PSI") 4)) seeks compassionate release from continued service of his 360-month prison sentence due to:

---

[1] The Court uses the pagination generated by the CM/ECF system, as the Government did not paginate its Response.

[2] The Government states it did not file a Rule 35 motion in this case, an issue raised in the parties' briefing on the Motion, due to Defendant's "shortcomings in both his cooperation and his conduct while in custody" "as will be explained in government's sealed supplement." (Resp. 19). No such "sealed supplement" has been submitted.

(1) his claimed health conditions — hypertension, high cholesterol, obesity, and debilitating effects from surviving COVID-19 in prison without adequate treatment — and the risk of a materially worse outcome if he contracts COVID-19 again in prison, where he is unable to practice social distancing (*see* Mot. 10–12; Resp. 14–15; Reply 6); (2) his rehabilitation, which according to him, shows "[h]e is no longer the same man who committed those crimes for which he has been jailed over the past decade" (Mot. 17 (alteration added)); and (3) a combination of harsh prison conditions during hurricanes and solitary confinement, the inability to see his wife and children, his unrewarded cooperation, and consideration of sentences received by other co-conspirators and family members (*see generally* Mot.; Reply). The Government disagrees Defendant has been rehabilitated, that the unrewarded cooperation and sentences of co-conspirators are relevant considerations,[3] and that the factors in 18 U.S.C. section 3553(a) support a compassionate release. (*See generally* Resp.). The Court must generally agree with the Government.

Defendant's hypertension, which the Centers for Disease Control and Prevention lists as a condition that "might" increase one's risk for serious illness from COVID-19, is well controlled at the Bureau of Prisons ("BOP"). (*Id.* 19 (quotation marks and citation omitted)). As to obesity, the Government concedes that presents a basis to find Defendant raises an "extraordinary and compelling reason" for a sentence reduction within the meaning of section 3582(c)(1)(A). (*Id.* 15 (quotation marks omitted)). The Court is not quite so convinced this is so, but this is not dispositive. Finally, Defendant's status as a "long hauler" (Mot. 4) and survivor of COVID-19

---

[3] The Court agrees with the Government's assessment that Defendant's cooperation — whatever that might have been — in the hope of having the Government file a Rule 35 motion is not a reason for Defendant's compassionate release. (*See* Resp. 19). Similarly, the harshness of U.S. federal prison conditions during and after hurricanes, in solitary confinement, and as a result of the BOP's efforts at safeguarding inmates and staff during the pandemic, are not reasons for a 170-month sentence reduction. (*See* Mot. 3–5).

while in custody is not enough reason to find Defendant presents an extraordinary and compelling circumstance for a sentence reduction.

Even if Defendant's health conditions did rise to that level, "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section] 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (alterations added). Indeed, 18 U.S.C. section 3582 requires that a court contemplating a sentence reduction consider "the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A) (alteration added). Among the factors the Court may consider are the defendant's institutional conduct and evidence of rehabilitation. *See United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020) (stating "a defendant may . . . present evidence of his post-sentencing conduct in support of a reduced sentence" (alteration added)). Furthermore, the Court must deny a request for compassionate release unless it determines the defendant "is not a danger to the safety of any other person or to the community[.]" U.S.S.G. § 1B1.13(2) (alteration added). The Court agrees with the Government that Defendant still poses a danger to the safety of the community, and the factors under 18 U.S.C. section 3553(a) do not favor an early release. (*See* Resp. 15–16, 19–20).

Defendant has only served 191 months of his 360-month prison sentence, or approximately 53 percent. (*See* Mot. 1; Reply 5). His 360-month sentence, "at the bottom of the applicable sentencing guideline range" (Resp. 16 (citation omitted)), was negotiated and agreed to given his plea of guilty to: conspiring to import cocaine into the United States as part of the cocaine trafficking organization known as the Montoya organization, that smuggled loads ranging from 500 to 6,000 kilograms of cocaine per load over the course of the 1990s; and obstruction of justice by the torture and murder of someone believed to be an informant for the U.S. Government (*see*

3

*id.* 2–7; Reply 3). As the third-in-command of the Montoya organization, Defendant engaged in egregious criminal conduct over an extended period, including committing acts of violence and intimidation. (*See* Resp. 3–7). Following imposition of the sentence, Defendant was disciplined for serious incidents of misconduct while in BOP custody in 2011, 2012, and 2014 (*see* Resp. 7–9 (citations omitted)); to this, Defendant points out he has been "prison incident free for more than six years" (Reply 5).

Defendant's early release would minimize the severity of the offenses of conviction, undermine respect for the law and deterrence to criminal conduct, and fail to protect the public from further crimes of the Defendant. *See* 18 U.S.C. § 3553(a)(2). His crimes are among the most heinous in a civilized society. While Defendant has been incident-free for the last six years, the Court agrees with the Government that Defendant's incidences of prison misconduct are not insignificant. Furthermore, an early release would result in unwarranted sentencing disparity, "upset[ing] the balance the Court set through its sentence" of another co-conspirator, insofar as it would result in that less-culpable co-conspirator serving a longer sentence than this Defendant. (Resp. 18 (alteration added)).

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Eugenio Montoya Sanchez's Opposed Motion for Compassionate Release, Exhaustion of Administrative Relief, and Request for Hearing **[ECF No. 817]** are **DENIED**. Nevertheless, given the possibility of Defendant's reinfection, the Court strongly recommends that the BOP make the COVID-19 vaccine available to Defendant as soon as it is able.

CASE NO. 99-00804-CR-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 11th day of February, 2021.

                                                                         **CECILIA M. ALTONAGA**
                                                                         **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record